UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM J. BURKHART,

          Plaintiff,

vs.                          Case No.   2:06-cv-690-FtM-99DNF

MICHAEL CHERTOFF, TRANSPORTATION SECURITY ADMINISTRATION, ROBERT COHEN, WILLIAM INTIHAR, DAVID DEYO, KEITH HOLMAN, ELAINE CHARNEY AND WILLIAM BARNES,

          Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendants' Motion to Dismiss Individually Named Defendants and Agencies in the Amended Complaint (Doc. #38) filed on May 2, 2008. Plaintiff filed an Opposition (Doc. #40) on June 9, 2008.

     Defendants argue that the only proper defendant is the head of the agency or department, i.e., Secretary Michael Chertoff, and the remaining defendants should be dismissed. Plaintiff responds that he was a private employee for some periods and the "Transportation Security Administration was organized under law and run as a private company." (Doc. #40, p. 3.)

     Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack

motion and a "factual" attack motion.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion.  Id. at 924 n.5.  The complaint may be dismissed for a facial lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Jackson v. Okaloosa County, 21 F.3d 1531, 1536 n.5 (11th Cir. 1994)(citation omitted).

Plaintiff alleges, in the First Amended Complaint (Doc. #27), that he is a 64 year old male who was employed as a Screening Manager at the Southwest Florida International Airport from September 2002 through November 2005.  (Doc. #27, ¶¶ 8, 12.)  "From the commencement of [his] employment with Defendants through his termination," plaintiff reported unwelcome discrimination to management.  (Id. at ¶ 13.)  The specific allegations giving rise to plaintiff's claims appear to commence on or about September 2003; however, the Court will take all allegations as true for purposes of this motion and assume the relevant conduct by defendants occurred "[f]rom the commencement" of his employment.

On November 19, 2001, the Aviation and Transportation Security Act[1] established the Transportation Security Administration (TSA)

---

[1] Aviation and Transportation Security Act (ATSA), Pub. L. No. 107-71, 115 Stat. 597 (2001)(current version at 49 U.S.C. § 40101, et seq.).

as an administration under the Department of Transportation (DOT). Effective February 17, 2002[2], civil aviation security functions and responsibilities were officially transferred from the Federal Aviation Administration (FAA) to the TSA with the goal that all airport security screeners would be federalized, i.e. TSA federal employees, by November 19, 2002. See Assumption of Civil Aviation Security Functions and Responsibilities, 67 Fed. Reg. 7,939-7,940 (Feb. 20, 2002); Civil Aviation Security Rules, 67 Fed. Reg. 8,340-8,341 (Feb. 22, 2002). On November 25, 2002, the Homeland Security Act of 2002[3] moved the TSA under the purview of the newly established Department of Homeland Security (DHS). Therefore, plaintiff's employer was a governmental agency at all relevant times.

Under 42 U.S.C. § 2000e-16(c), a civil action by an employee for discrimination based on race, color, religion, sex, or national origin may be brought naming as defendant the "head of the department, agency, or unit, as appropriate." See, e.g., Barsten v. Department of Interior, 896 F.2d 422, 423 (9th Cir. 1990)(finding that the Secretary and not the Department should have been named); Campbell v. Department of Navy, 894 F.2d 401 (4th Cir.

---

[2]The Court notes, although argued to the contrary by plaintiff, that the First Amended Complaint does not allege that plaintiff was a private employee under a private contractor at any relevant time or by any of the agencies.

[3]Homeland Security Act of 2002 (HSA), Pub. L. No. 107-296, 116 Stat. 2135 (2002).

1990)(same). Upon review, the Court finds that the proper party in this case would be Secretary Chertoff, Department of Homeland Security.[4]

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss Individually Named Defendants and Agencies in the Amended Complaint (Doc. #38) is **GRANTED** as follows:

a. The individually named defendants and the Transportation Security Administration are **dismissed** and shall be terminated on the docket; and

b. The case shall remain pending against "Michael Chertoff, Secretary of the Department of Homeland Security" only.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of January, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[4]Although Secretary Peters, Department of Transportation, might also be a proper party to this action, the Secretary was not named in the original or First Amended Complaint and therefore has not received notice of this case.