```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

WILLIAM J. BURKHART,

           Plaintiff,

vs.                              Case No.  2:06-cv-690-FtM-99DNF

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security,

           Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Michael Chertoff[1]'s Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. #30) filed on March 5, 2008.  Plaintiff filed an Opposition (Doc. #34) on March 19, 2008.  The government seeks the dismissal of Counts Two through Six and any Florida state law claims.

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Id. at 924 n.5.  The complaint may be dismissed for a facial lack of standing only "if it is clear that

---

[1]By separate Opinion and Order (Doc. #53), the Court dismissed the individually named defendants and determined that plaintiff was a federal employee at all relevant times.

no relief could be granted under any set of facts that could be proved consistent with the allegations." Jackson v. Okaloosa County, 21 F.3d 1531, 1536 n.5 (11th Cir. 1994)(citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct. at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

As a preliminary matter, the Court notes that plaintiff seeks compensatory damages (Doc. #27, ¶ 57e) against the United States, without specifying under which count. Under Bivens, a claim for monetary damages is not cognizable and plaintiff has not asserted

a separate claim under the Federal Tort Claims Act. <u>Ellis v. Bureau of Prisons</u>, 239 Fed. Appx. 466, 469 (11th Cir. 2007)(citing <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Therefore, the claim for damages will be stricken.

Plaintiff William J. Burkhart (Burkhart or plaintiff) alleges, in the First Amended Complaint (Doc. #27), that he is a 64 year old male who was employed as a Screening Manager at the Southwest Florida International Airport from September 2002 through November 2005. (Doc. #27, ¶¶ 8, 12.) Plaintiff alleges that he is an "otherwise qualified person" with a cardiac disability/perceived disability. (<u>Id.</u> at ¶ 9.) Plaintiff alleges that he was subjected to a hostile working environment, age discrimination, disparaging remarks, interference with witnesses in an internal investigation and grievance procedure, a failure to train, a failure to compensate, denial of a management bonus, unfounded disciplinary measures, denial of a promotion, and retaliation. (<u>Id.</u> at ¶¶ 12, 13, 15, 16, 17, 20-21, 23.) Plaintiff was eventually terminated on November 2, 2005, without severance. (<u>Id.</u> at ¶ 12.) Plaintiff seeks redress for age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA) (Count One); disability discrimination under the Rehabilitation Act of 1973 (Count Two); disability discrimination under the Americans with Disabilities Act (ADA) (Count Three); under Family and Medical Leave Act (FLMA)(Count Four); for retaliation under the ADEA, the

Rehabilitation Act and the FMLA (Count Five); and under 42 U.S.C. §§ 1985(3) and 1986 (Count Six).

"The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941)(collecting cases). Any waiver of sovereign immunity by the United States "cannot be implied but must be unequivocally expressed." Franconia Assocs. v. United States, 536 U.S. 129, 141 (2002)(quoting United States v. King, 395 U.S. 1, 4 (1969)). The government argues that the United States has not waived sovereign immunity thereby subjecting itself to suit. Plaintiff concedes the government's sovereign immunity but argues that Burkhart was a private employee of the Transportation Security Administration for at least some relevant time. As previously determined, there are no allegations in the First Amended Complaint that plaintiff was a private employee and the Court has determined that plaintiff was a government employee at all relevant times. Therefore, this argument is rejected.

Section § 12111(5)(B) of the Americans with Disabilities Act of 1990 (ADA) provides an exception for the United States from the definition of employer, 42 U.S.C. § 12111(5)(B), and therefore the ADA does not apply to federal employees of the federal government. Additionally, the claim under the Rehabilitation Act is not viable because the TSA is exempt from the requirements of the Rehabilitation Act. See Castro v. Sec'y of Homeland Sec., 472 F.3d 1334 (11th Cir. 2006)(finding that an applicant screener cannot

state a claim against the TSA under the Rehabilitation Act). The claim under the Family and Medical Leave Act (FMLA) will also be dismissed because the United States has not unequivocally waived sovereign immunity for a Title II claim. See Cavicchi v. Secretary of Treasury, No. 04-10451, 2004 WL 4917357, *6 (11th Cir. Oct. 15, 2004). The related retaliation claims under the ADA, Rehabilitation Act, and the FMLA will also be dismissed pursuant to the United States' sovereign immunity.

Section § 1985(3) provides redress for a conspiracy by two or more persons to deprive a person of rights or privileges. Section 1986 provides redress against a person having knowledge of wrongs under § 1985 who neglects or refuses to prevent the wrong. Plaintiff alleges that his equal protection rights were violated by defendants. The Court has dismissed the individually named defendants leaving only Secretary Chertoff. Even if they had not been dismissed, the individuals were named in their official capacity only and the government cannot conspire with itself. Dickerson v. Alachua County Com'n, 200 F.3d 761, (11th Cir. 2000)(under the intracorporate conspiracy doctrine, a corporation cannot conspire with its employees acting within the scope of their employment and the doctrine applies to public entities)(citing Chambliss v. Foote, 421 F. Supp. 12, 15 (E.D. La. 1976), aff'd, 562 F.2d 1015 (5th Cir. 1977)[2]); Denney v. City of Albany, 247 F.3d

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.
(continued...)

1172, 1190 (11th Cir. 2001). Therefore, Count Six will be dismissed.

As the Court finds that Counts Two through Five (except retaliation under the ADEA in Count Five) should be dismissed on the basis of the government's sovereign immunity and Count Six dismissed because the government cannot conspire with itself, the Court need not address the issue of exhaustion or the failure to state a claim.

Accordingly, it is now

**ORDERED**:

1. Defendant Michael Chertoff's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. #30) is **GRANTED** and Counts Two, Three, Four, Count Five as it relates to the Rehabilitation Act and the FMLA, and Count Six are **dismissed**.

2. The prayer for compensatory damages in the First Amended Complaint (Doc. #27, ¶ 57e) is **stricken** as to all counts.[3]

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of January, 2009.

_____
JOHN E. STEELE
United States District Judge

---

[2](...continued)
1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3]The ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress. Commissioner v. Schleier, 515 U.S. 323, 326 (1995).